GEORGE H. WILLARD v. THE STATE.

No. 12826.   Delivered January 8, 1930.
Reported in 23 S. W. (2d) 391.

The opinion states the case.

*Chaney & Parmeter* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, two years in the penitentiary.

Appellant went into a store in Dallas and presented a check signed George H. Willard. Asked for his address he gave one known by the person to whom he presented the check, to be incorrect. Questioned as to whether he was not mistaken about his address, he replied that he was not, that same was at his brother's home. The clerk to whom the check was presented asked for a little time to verify the correctness of the address and while so occupied appellant took French leave. Said clerk called others to assist him in stopping appellant who was fleeing, and after some effort he was caught, and the house detective took charge of him. In his pocket was found a large number of blank checks, and another check signed. Appellant endorsed on the check which was presented by him to the clerk referred to, his name as "George H. Willard" in the presence of said clerk. He told the house detective his name was George H. Willard. It was in testimony that the check which formed the basis for the instant prosecution was written by the same person who wrote George H. Willard on the back of the check presented to the clerk. It was shown that the address given by appellant was an impossible address, there being no such street number.

There are several bills of exception in the record. Bill No. 1 complains of the refusal of an application for continuance. Said application was wholly without showing of diligence. Bill No. 2 was to the testimony of the clerk referred to, to the effect that he saw the check involved in this prosecution when it was taken from appellant's pocket by the house detective. The objection to this was that appellant was under arrest. We think the bill wholly without merit. Bill No. 3 objects to the acts and conduct of appellant at the time of his arrest. Same were res gestae of the transaction and admissible. This same thing is true of the content of bill of exceptions No. 4, which is substantially the same as that complained of in bill No. 3. There is no merit in the complaint in bill of exception No. 5, viz., that the State asked appellant ·while a witness relative to his signing the name of George H. Willard upon the check presented by him to the clerk. The matters complained of in bill of exception No. 6 were properly admitted by the court as part of the res gestae. It was proper for the State to show that appellant had no account in the bank on which the check was drawn which was presented by him to the clerk in the first instance. The court committed no error in refusing appellant's request for a peremptory instruction. The complaint in bill of exception No. 9 of the refusal of a special charge that the jury must acquit unless they found there was an intent to·injure and defraud, is without merit. The matter was fully covered by the main charge, and there was no necessity at all for an affirmative charge on this issue.

Bill of exception No. 10 was taken to the following statement in the closing argument of the district attorney: "Forgeries running up and down the streets and going to different stores and passing forged checks, as it shows by blank checks in his pockets at time of arrest." The bill of exceptions is defective in that it fails to set out any certificate of the trial judge that the facts stated as objections were true, and fails to show that there was no testimony to support such argument. There is no question but that appellant had a number of blank checks in his pocket at the time of his arrest. The statement attributed to the district attorney amounts to no more than his conclusion based on the fact of appellant's possession of such checks at the time of the arrest. The bill shows no error.

Being unable to agree with any of the contentions made on behalf of appellant, the judgment will be affirmed.

*Affirmed.*